MILHAM v. PINE BLUFF & WESTERN RAILROAD COMPANY.

Opinion delivered May 4, 1908.

RAILROAD—STOCK KILLING—NEGLIGENCE.—A verdict in favor of a railroad company, in a suit for the killing of a horse, will not be set aside, although the headlight on the train which killed the horse was defective, where the evidence shows that the horse suddenly ran in front of the train, so near as to make it impossible to avoid the killing.

Appeal from Grant Circuit Court; *W. H. Evans,* Judge; affirmed.

*Wm. G. Bouic,* for appellant.

*Austin & Danaher,* for appellee.

BATTLE, J.  J. W. and S. P. Milham brought an action in the Grant Circuit Court against Pine Bluff & Western Railroad Company to recover damages occasioned by the defendant killing a horse of the plaintiff. Defendant recovered judgment, and plaintiffs appealed.

The horse of appellants was killed by the defendant's train. Appellants contend that appellee was guilty of negligence as follows:

"First. In permitting its right of way to grow up with high bushes, sufficient to hide animals approaching the track. and in such close proximity to the track as to obstruct the view of the engineer and to make it impossible to keep that vigilant lookout for the protection of persons and property as is required under the law of this State.

"Second. The railroad company was negligent in operating its engine on and over their road with a defective headlight, by reason of which the engineer could not keep an effectual lookout on and near the track."

The record fails to show that appellants objected to instructions given by the court or asked for any. The only question, then, in the case is, was the verdict of the jury, which was in favor of the defendant, sustained by evidence?

Walter Milham, one of the appellants, testified in the trial that he examined the track and right of way where the horse was killed, for the purpose of ascertaining whether there was

any bushes growing there, and he found none sufficient to obstruct the view of the engineer and fireman of the train. This was sufficient to sustain the verdict, notwithstanding there was evidence to the contrary.

As to the headlight used at the time of the killing, the engineer and fireman of the train testified that the train was using an oil light, and that the horse was killed in a dark, rainy night; that the light was not as good as it might have been or equal to an electric light; that the train was running nine or ten miles an hour; and that the horse suddenly ran near and in front of the train, so near as to make it impossible to avoid the killing. The evidence fails to show that the headlight contributed to the injury. The train was moving slowly, and no reason appears why the light in use was not sufficient to enable the trainmen to discover the horse in time to avoid the killing, if it had been upon the track or so near as to be within the range of the vision of the engineer or fireman while looking along the track.

Judgment affirmed.